James G. KING, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

The Washington Adventist Hospital and The Westfield Enterprises, Inc., Defendants.

No. 01–5113.

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

## ORDER

The United States moves to summarily affirm the decision of the United States Court of Federal Claims dismissing James G. King's complaint for lack of jurisdiction. King has not responded.[1]

King filed a complaint in the Court of Federal Claims against The Washington Adventist Hospital and The Westfield Enterprises, Ltd.[2] On June 6, 2001, the Court of Federal Claims dismissed the complaint for lack of jurisdiction. The order stated:

Plaintiff has filed a complaint before the United States Court of Federal

Claims as a pro se litigant alleging, on behalf of himself, his wife, and his daughter, that certain constitutional rights were violated. After careful review of the complaint, the court cannot discern a claim raised by plaintiff over which this court has jurisdiction.

The jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the "takings clause" of the Fifth Amendment. *See* 28 U.S.C. § 1491 (1994); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

Here, plaintiff has filed his complaint in this court as a Notice of Appeal to this court challenging a decision by the United States Court of Appeals for the Second Circuit. Although docketed as a suit against the United States, plaintiff names Washington Adventist Hospital and Westfield Enterprises, Inc. as defendants in his petition. The gravamen of plaintiff's claim appears to be alleged violations of his family's First Amendment rights and Fourteenth Amendment due process rights in connection with his daughter's forceful expulsion from the Montgomery Mall in Bethesda, Maryland and the circumstances surrounding her involuntary commitment to Washington Adventist Hospital. The claims do not appear to lie within the jurisdiction of this court, and although required to do so by Rule 8(a) of the Court of

---

1. King submits a document entitled "Intervenor's Notice" that does not address the government's motion.

2. King previously filed a complaint regarding the same matter in March of 1999. The Court of Federal Claims dismissed the complaint for lack of jurisdiction. This court summarily affirmed that dismissal. King also filed a complaint in the United States District Court for the Eastern District of New York. The district court dismissed for lack of personal jurisdiction. The United States Court of Appeals for the Second Circuit affirmed the district court's dismissal.

Federal Claims, plaintiff has failed to set forth the jurisdictional basis for his claim in this court.

The court recognizes that allegations made in a pro se complaint are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, after careful examination of the complaint, and drawing all reasonable inferences in plaintiff's favor, none of the allegations made by plaintiff can be fairly read to state a claim within this court's jurisdiction. Accordingly, plaintiff's complaint is dismissed for lack of jurisdiction pursuant to Rule 41(b) of the Court of Federal Claims. [Footnote omitted].

The United States [b] argues that we should summarily affirm the dismissal by the Court of Federal Claims. King has not responded to the motion, but we have reviewed the arguments he presents in his informal brief. We agree that summary affirmance is appropriate. Summary disposition of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In this case, it is clear that the Court of Federal Claims lacked jurisdiction over King's complaint.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) The revised official caption is reflected above.

(3) Each side shall bear its own costs.